■ ONONDAGA OPERATING CORP., Respondent, v. RICHARD LONGO, Appellant.— Order reversed on the law and facts, with $10 costs and disbursements and motion denied, with $10 costs, without prejudice to the right of respondent to make a new application. Memorandum: The defendant has been adjudged guilty of a contempt of court for failure to deliver "eight black barber chairs" to the plaintiff and has been committed to jail until he does so. The original actions brought by both parties centered, among other things, upon the right to possession of eight barber chairs. The actions were settled upon a stipula-

tion placed upon the record in open court on October 28, 1957. Here pertinent was defendant's agreement to return eight chairs described by serial numbers. This stipulation, insofar as here material, was implemented in December, 1957 by findings and conclusions and a judgment, which provided in part that defendant deliver to plaintiff the eight chairs specifically described by numbers. On January 2, 1958 this proceeding was instituted. The defendant countered with an affidavit stating that the eight chairs described in the judgment had been delivered. The contempt proceeding was then held in abeyance until May 8, 1958 when the order appealed from was made. In the interval plaintiff obtained an order amending the stipulation of settlement *nunc pro tunc* so as to delete the portion thereof whereby defendant agreed to return eight chairs described by numbers and in place thereof substituted an agreement that the defendant would deliver " eight black barber chairs." The judgment was similarly amended by a *nunc pro tunc* order. These two orders are not before us for review so it is unnecessary to determine whether the trial court had jurisdiction to amend a material portion of an agreement made between litigants in the course of the settlement of two actions. Thereafter, as has been stated, this proceeding was presented to Special Term and appellant found guilty of contempt for failure to comply with the judgment, as amended. This order was made on May 8, 1958. There appears in the record certified by the clerk an affidavit sworn to by appellant on May 10. This affidavit is not recited in the order but respondent has taken no exception to its inclusion in the record. In the interests of justice the order appealed from should be reversed without prejudice to the right of respondent to make a new application. When the drastic remedy of contempt of court is to be invoked the court should have before it in the first instance a complete record. The conclusion might be reached that in this proceeding the defendant was not in contempt when it was commenced. Thereafter, it was held for some four months while various records were amended *nunc pro tunc* to make out a prima facie case of contempt. Moreover, we are unable to determine whether Special Term considered appellant's affidavit sworn to two days after the order was made. All concur. (Appeal from an order of Onondaga Special Term adjudging defendant to be in contempt of court for failure to return certain personalty to plaintiff.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.